UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BENARD INDUSTRIES, INC.,
d/b/a OTC PHARMACEUTICAL PRODUCTS,
a Florida corporation,

        Plaintiff,

vs.

MARIANO BURGOS HERNANDEZ,
d/b/a M&M General Fashion,
d/b/a MNM General Fashion,
d/b/a HCG Fabulous,
d/b/a Super Flacos,
d/b/a Club One & Natural,
an individual,

and

PRODUCTOS LA ROSA, INC.,
a California corporation,

        Defendants.
_____/

## COMPLAINT

Plaintiff, Benard Industries, Inc. d/b/a OTC Pharmaceutical Products, a Florida corporation ("OTC" or "Plaintiff"), by and through undersigned counsel, hereby complains against Defendants, Mariano Burgos Hernandez d/b/a M&M General Fashion, d/b/a MNM General Fashion, d/b/a HCG Fabulous, d/b/a Super Flacos, d/b/a Club One & Natural ("Mariano Burgos" or "MNM General Fashion" or "M&M General Fashion" or "HCG Fabulous" or "Super Flacos" or "Club One & Natural"), an individual, and Productos La Rosa, Inc. ("Productos La Rosa"), a California corporation, and alleges as follows:

    1.    This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. § 1051, *et seq*. ("Lanham Act"), particularly 15 U.S.C. §§ 1114, 1117, and 1125(a) for

counterfeiting, trademark infringement, unfair competition, and false designation of origin. Plaintiff also asserts claims in accordance with common law rights pursuant to Fla. Stat. § 495.161 for trademark infringement and unfair competition.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b). This Court also has jurisdiction pursuant to 15 U.S.C. § 1121 and the doctrine of supplemental jurisdiction, as set forth in 28 U.S.C. § 1367.

3. Upon information and belief, jurisdiction is proper because:

    a. Defendants have committed tortious acts within this State, and the Southern District of Florida, including the counterfeiting set forth herein, within the meaning of Fla. Stat. § 48.193(1)(b);

    b. Defendants have caused injury to the property of OTC within this state, and the Southern District of Florida, namely OTC's trademarks as set forth herein, arising out of acts or omissions by Defendants while, at or about the time of the injury, the Defendants were engaged in solicitation and service activities within this State, and the Southern District of Florida, within the meaning of Fla. Stat. § 48.193(1)(f)(1); and/or

    c. Defendants are engaged in substantial and not isolated activity within this State, and the Southern District of Florida, within the meaning of Fla. Stat. § 48.193(2).

## VENUE

4. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim, including the "passing off" of the counterfeit and infringing goods, occurred in the Southern District of Florida. Furthermore, Defendants market and advertise the infringing goods in the Southern District of Florida, and do business in the Southern District

of Florida.

5. Venue is proper under 28 U.S.C. § 1391(c) in that the Defendants' contacts are sufficient to subject them to personal jurisdiction in the Southern District of Florida, for the reasons set forth above.

## OTC'S INCONTESTABLE TRADEMARKS

6. For nearly thirty-five years, OTC has offered OTC's well-known flagship products "NEUROBION" and "DOLO-NEUROBION" brands for vitamin and dietary food supplements in the United States ("U.S.").

7. OTC first used its well-known "NEUROBION" trademark (hereinafter "OTC's Marks") in U.S. commerce as early as 1984.

8. OTC first used its well-known "DOLO-NEUROBION" trademark (incorporated under "OTC's Marks") in U.S. commerce as early as 1985.

9. OTC is the registrant of and maintains U.S. Registration Nos. 1,440,416 and 1,828,024 for the trademark "NEUROBION" for dietary food supplements and vitamin supplements in the United States Patent and Trademark Office (hereinafter "OTC's Trademark Registrations" or "Registrations"). *See* Composite Exhibit A.

10. OTC is the registrant of and maintains U.S. Registration No. 3,754,784 for the trademark "DOLO-NEUROBION" for pharmaceutical preparations, namely, analgesics for the relief of pain and fever reduction in the United States Patent and Trademark Office (incorporated under "OTC's Trademark Registrations" or "Registrations"). *See* id.

11. OTC's Trademark Registrations have all attained incontestable status in accordance with §§ 15 and 33(b) of the Lanham Act, 15 U.S.C. §§ 1065 and 1115(b). *See* id.

12. OTC is the exclusive owner of OTC's Marks in the United States.

13. OTC's Marks have been in continuous use in U.S. commerce since their adoption and first use in U.S. commerce.

## THE PARTIES

14. OTC is a corporation duly organized and existing under the laws of Florida, located and doing business at 10860 N.W. 27th Street, Miami, Florida 33172.

15. Defendants market, offer, sell, and/or distribute counterfeit and infringing products while utilizing various names and websites with respect to their unlawful enterprise. Upon information and belief, the names and/or websites include but are not limited to "Mariano Burgos," "MNM General Fashion"/"M&M General Fashion," "HCG Fabulous," "Super Flacos," "Club One & Natural," and "Productos La Rosa."

### *Defendant Mariano Burgos*

16. Upon information and belief, Defendant Mariano Burgos is an individual residing at 1979 North Summit Avenue, Pasadena, California 91103 ("Affiliated Pasadena Address") and the Affiliated Pasadena Address is affiliated and/or used in connection with the activities complained of herein under Defendant Mariano Burgos, as a proprietor of "Club One & Natural."

17. Upon information and belief, the physical address of 2532 South San Pedro Street, Los Angeles, California, 90011 ("Affiliated Los Angeles Address") and/or telephone number of (213) 620-1367 ("Affiliated Phone Number") is affiliated and/or used in connection with the activities complained of herein under Defendant Mariano Burgos, as a proprietor of "MNM General Fashion"/"M&M General Fashion," "HCG Fabulous," "Super Flacos," and Defendant Productos La Rosa.

18. Upon information and belief, Defendant Mariano Burgos is the conscious, driving force behind all the acts complained herein.

### *"MNM General Fashion" / "M&M General Fashion"*

19. Upon information and belief, Defendant Mariano Burgos does or has done business as a proprietor, having registered himself as the owner of the fictitious name "M&M General Fashion" with the Clerk's Office for the County of Los Angeles.

20. Upon information and belief, "M&M General Fashion" uses or used the Affiliated Phone Number and website www.mnmgeneralfashion.com.

21. On May 7, 2013, "M&M General Fashion" was hand-delivered a cease-and-desist letter concerning counterfeit/infringing "NEUROBION" products at 396 S Los Angeles Street, Number 10, Los Angeles, California 90013.

22. In resolution of such matter, Defendant Mariano Burgos, upon information and belief, as a proprietor, executed the attached letter agreement on May 7, 2013 agreeing, *inter alia*, to immediately discontinue all use, distribution, and marketing of the infringing "NEUROBION" products. *See* Exhibit B.

23. Upon information and belief, Defendant Mariano Burgos is currently operating and conducting the activities complained herein under the name "MNM General Fashion" at the Affiliated Los Angeles Address, the Affiliated Phone Number, and www.mnmgeneralfashion.com.

24. Upon information and belief, Defendant Mariano Burgos holds or held himself out to be the owner of "M&M General Fashion"/"MNM General Fashion" consistent with the above-referenced contract wherein he listed himself as the "owner."

### *"HCG Fabulous"*

25. Upon information and belief, Defendant Mariano Burgos does or has done business as a proprietor of "HCG Fabulous."

26. No fictitious name recordal has been located at this time.

27. Upon information and belief, "HCG Fabulous" uses or used the Affiliated Phone Number and email address marianoburgos68@yahoo.com.

28. On May 7, 2013, "HCG Fabulous" was hand-delivered a cease-and-desist letter concerning counterfeit/infringing "NEUROBION" products at 448 S Los Angeles Street, Number 3, Los Angeles, California 90013.

29. In resolution of such matter, Defendant Mariano Burgos, upon information and belief as a proprietor, executed the attached letter agreement on or about May 7, 2013 agreeing, *inter alia*, to immediately discontinue all use, distribution, and marketing of the infringing "NEUROBION" products. *See* Exhibit B.

30. Upon information and belief, Defendant Mariano Burgos holds or held himself out to be the owner of "HCG Fabulous" consistent with the above-referenced contract wherein he listed himself as the "owner."

### *"Super Flacos"*

31. Upon information and belief, Defendant Mariano Burgos does or has done business as a proprietor of "Super Flacos."

32. Upon information and belief, Defendant Productos La Rosa does or has done business as a proprietor of "Super Flacos."

33. No fictitious name recordal has been located at this time.

34. Upon information and belief, "Super Flacos" appears to be operating and conducting the activities complained herein at the Affiliated Los Angeles Address, the Affiliated Phone Number, and www.superflacos.com.

35. The website www.superflacos.com uses the Affiliated Los Angeles Address and

the Affiliated Phone Number as contact information.

36. Product ordered via the website www.superflacos.com was shipped in a package with the return label stating the Affiliated Los Angeles Address, Defendant Mariano Burgos, and Defendant Productos La Rosa:

> Mariano Burgos
> Productos La Rosa
> 2532 S San Pedro St
> Los Angeles, CA 90011

37. Payment for purchase via the website www.superflacos.com showed a receipt with the Affiliated Pasadena Address.

### *"Club One & Natural"*

38. Upon information and belief, Defendant Mariano Burgos does or has done business as a proprietor of "Club One & Natural."

39. No fictitious name recordal has been located at this time.

40. Upon information and belief, "Club One & Natural" appears to be operating and conducting the activities complained herein at the Affiliated Pasadena Address.

### *Defendant Productos La Rosa*

41. Mariano Burgos is the incorporator, Chief Executive Officer, and Secretary of Productos La Rosa, a California corporation.

42. Upon information and belief, Defendant Productos La Rosa appears to be operating and conducting the activities complained herein at the Affiliated Los Angeles Address, the Affiliated Phone Number, www.productoslarosa.com, and www.superflacos.com.

### **DEFENDANTS' KNOWLEDGE OF OTC'S MARKS AND TRADEMARK REGISTRATIONS**

43. Around 2013, long subsequent to OTC's adoption and use of the OTC's Marks and

registrations of the OTC's Trademark Registrations in the United States Patent and Trademark Office, OTC learned of nefarious activity involving the use, distribution, and marketing of products that are imitative and exact copies of OTC's Marks ("Counterfeit Product") being conducted by Defendant Mariano Burgos a/k/a "M&M General Fashion" and "HCG Fabulous."

44. On or around May 7, 2013, OTC sent cease-and-desist letters concerning counterfeit/infringing "NEUROBION" products via hand delivery to "M&M General Fashion" located at 396 S. Los Angeles Street, Number 10, Los Angeles, CA 90013 and "HCG Fabulous" located at 448 S. Los Angeles Street, Number 3, Los Angeles, CA 90013. *See* Exhibit B.

45. The cease-and-desist letters put Defendant Mariano Burgos and/or "M&M General Fashion" and "HCG Fabulous" on actual notice of OTC's rights to OTC's Marks and Trademark Registrations as well as the marketing and distribution of counterfeit products bearing OTC'S marks being conducted by "M&M General Fashion" and "HCG Fabulous" at that time. *See id*.

46. That same day, Defendant Mariano Burgos and/or "M&M General Fashion" and "HCG Fabulous" agreed to immediately discontinue all use, distribution, and marketing of the infringing "NEUROBION" products and cancel all outstanding orders for the infringing "NEUROBION" products. *See id*.

47. Defendant Mariano Burgos held himself out to be the "owner" of "M&M General Fashion" and "HCG Fabulous." *See id*.

**DEFENDANTS' INFRINGING ACTIVITY**

48. Subsequent to the 2013 events described above, with direct knowledge of OTC's use and ownership of the OTC's Marks and OTC's Trademark Registrations, Defendant Mariano Burgos individually and through Defendant Productos La Rosa intentionally and willfully re-commenced marketing, selling, and distributing Counterfeit Products.

49. Upon information and belief, the Counterfeit Products are marketed, sold, and/or distributed by Defendants at a minimum at Affiliated Los Angeles Address, Affiliated Phone Number, www.mnmgeneralfashion.com, www.superflacos.com, and www.productoslarosa.com.

50. Upon OTC's discovery of Defendants nefarious activity, OTC, on its own or through agents, reviewed, attempted to purchase, and/or purchased advertised Counterfeit Products and interspersed, possibly genuine OTC product, bearing OTC Marks at the following web pages owned and/or controlled by Defendants:

1. *https://www.productoslarosa.com/en/Medicinal-supplements/Several/3-in-1-Bedoyecta-Neurobion-and-Pharmaton-380-ml-p463c61.html?search=neurobion*
2. *https://www.productoslarosa.com/en/Medicinal-supplements/Several/Bedoyecta-Neurubion-B12-Cont-Net-380-ml-p458c61.html?search=neurobion*
3. *https://www.productoslarosa.com/en/Medicinal-supplements/Dolo-NeuroBion-60-tablets-p220c61.html?search=neurobion*
4. *https://www.productoslarosa.com/en/Medicinal-supplements/Several/Neurobion-Classic-20-Tablets-Vitamin-B-Energy-Booster-Classic-Formula-p540c61.html?search=neurobion*
5. *https://www.productoslarosa.com/en/Medicinal-supplements/Several/Neurobion-Energy-60-Caps-p541c61.html?search=neurobion*
6. *https://superflacos.com/en/Medicinal-supplements/Several/3-in-1-Bedoyecta-Neurobion-and-Pharmaton-380-ml-p511c61.html?search=neurobion*
7. *https://superflacos.com/en/Medicinal-supplements/Several/Bedoyecta-Neurubion-B12-Cont-Net-380-ml-p514c61.html?search=neurobion*
8. *https://superflacos.com/en/Medicinal-supplements/Several/Dolo-NeuroBion-60-tablets-p64c61.html?search=neurobion*
9. *https://www.mnmgeneralfashion.com/en/Medicinal-supplements/Several/3-in-1-Bedoyecta-Neurobion-and-Pharmaton-380-ml-p490c61.html?search=neurobion*
10. *https://www.mnmgeneralfashion.com/en/Medicinal-supplements/Several/Bedoyecta-Neurubion-B12-Cont-Net-380-ml-p484c61.html?search=neurobion*
11. *https://www.mnmgeneralfashion.com/en/Medicinal-supplements/Several/Dolo-NeuroBion-60-tablets-p113c61.html?search=neurobion*
12. *https://www.mnmgeneralfashion.com/en/Medicinal-supplements/Several/Neurobion-Classic-20-Tablets-Vitamin-B-Energy-Booster-Classic-Formula-p564c61.html?search=neurobion*
13. *https://www.mnmgeneralfashion.com/en/Medicinal-supplements/Several/Neurobion-Energy-60-Caps-p565c61.html?search=neurobion*

*See, e.g.*, Composite Exhibit C.

51. On September 17, 2018, Counterfeit Products were purchased from "Super Flacos" (Defendants) at https://superflacos.com/en/Medicinal-supplements/Several/3-in-1-Bedoyecta-Neurobion-and-Pharmaton-380-ml-p511c61.html?search=neurobion and https://superflacos.com/en/Medicinal-supplements/Several/Bedoyecta-Neurubion-B12-Cont-Net-380-ml-p514c61.html?search=neurobion ("September 17 Order").



52. The September 17 Order was processed by "Super Flacos."

53. The September 17 Order payment activity revealed that the money was collected by "Club One & Natural" at Affiliated Pasadena Address, which upon information and belief, is the address of Defendant Mariano Burgos.

54. On September 24, 2018, the Counterfeit Products were received a package from the September 17 Order, which contained Counterfeit Products bearing the NEUROBION mark.

55. The return label on the package stated the Affiliated Los Angeles Address, Defendant Mariano Burgos, and Defendant Productos La Rosa:

> Mariano Burgos
> Productos La Rosa
> 2532 S San Pedro St
> Los Angeles, CA 90011

56. Defendants have a bad faith intent to appropriate Plaintiff's goodwill and cause confusion with OTC's Marks when they reproduced, counterfeited, copied, or colorably imitated OTC's Marks and Registrations in connection with the sale, offering for sale, distribution, or advertising of Counterfeit Products.

57. Defendants' bad faith intent is evident from Defendants' blatant, slavish, and substantially exact copying of OTC's Marks.

58. Defendants' bad faith intent is also obvious from Defendant Mariano Burgos' prior actual notice of the OTC's Marks and Registrations and previous counterfeit activity.

59. Defendants have enjoyed and continue to enjoy financial gain and profit from the sale, offering for sale, distributing, and/or advertising of Counterfeit Product.

60. Defendants have engaged in, and it is believed will continue to engage in, a deliberate and willful scheme to trade upon and to misappropriate for themselves the goodwill represented and symbolized by OTC's Marks, through the sale, offering for sale, distributing, and/or advertising of Counterfeit Product in U.S. commerce.

61. The acts of Defendants complained of herein constitute willful and intentional counterfeiting, trademark infringement, and unfair competition, and are in total disregard of Plaintiff's rights, the laws of the U.S., and the general health and safety of consumers. The acts were commenced and it is believed will continue in spite of Defendants' knowledge that the sale of their Counterfeit Product is in direct contravention of Plaintiff's rights.

62. Defendants' counterfeiting and infringement is designed, calculated, and likely to deceive customers and prospective customers as to the origin or sponsorship of Defendants' products and to cause them to falsely believe that said products are the products of Plaintiff, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade,

and the public.

63. Plaintiff has been damaged by Defendants' acts of counterfeiting, infringement, and unfair competition.

64. Defendants' acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

65. Plaintiff has no adequate remedy at law.

## COUNT I
## FEDERAL TRADEMARK COUNTERFEITING, 15 U.S.C. § 1114
### (ALL DEFENDANTS)

66. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 58 as if fully set forth herein.

67. Defendants' conduct, as described herein, constitutes counterfeiting under 15 U.S.C. § 1114 *et seq*.

68. Defendants' acts complained herein are without Plaintiff's consent.

69. Upon information and belief, the Defendants reproduce, counterfeit, copy, or colorably imitate OTC's Marks and Registrations in connection with the sale, offering for sale, distribution, or advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

70. Upon information and belief, the Defendants reproduce, counterfeit, copy, or colorably imitate OTC's Marks and Registrations and apply such reproduction, counterfeit, copy, or colorable imitation to advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

71. Upon information and belief, Defendants reproduce, counterfeit, copy, or colorably

imitate OTC's Marks and Registrations knowingly, or at a minimum, with willful blindness as to their authenticity.

72. Upon information and belief, the Defendants actively participate in the marketing, selling, purchasing, and/or distributing of the Counterfeit Products and have a direct financial interest in such activities.

73. Upon information and belief, Defendants' actions are willful, with full knowledge of Plaintiff's rights, and with an intention to misappropriate the good will symbolized by OTC's Marks. Accordingly, this case is exceptional pursuant to 15 U.S.C. § 1117(a), and Plaintiff is entitled to recovery of its reasonable attorney fees.

74. Defendants' acts have harmed Plaintiff's reputation, damaged Plaintiff's goodwill, and upon information and belief, have and will continue to divert sales from Plaintiff, and create an unjustifiable risk to the consuming public due to the unknown provenance of the counterfeit goods that are offered for human consumption.

75. Plaintiff is entitled to judgment for three times Defendants' profits or three times Plaintiff's damages from the acts of counterfeiting complained of herein under 15 U.S.C. § 1117(b). Alternatively, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c).

76. Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

77. Plaintiff has no adequate remedy at law.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114
**(ALL DEFENDANTS)**

78. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 58, as if full set forth herein.

79. With full knowledge and awareness of Plaintiff 's ownership and prior use of OTC's Marks and Registrations, Defendants has willfully used, is using, and will continue to use OTC's Marks on the Counterfeit Products, which are identical or highly related to Plaintiff's goods under OTC's marks, in a manner that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive.

80. Defendants' acts, including its marketing, selling, and distributing of Counterfeit Product, constitute infringement, use of a confusingly similar mark, and use of a spurious mark that is identical with, or substantially indistinguishable from, OTC's Marks, in violation of and pursuant to 15 U.S.C. § 1114.

81. Defendants' acts have harmed Plaintiff's reputation, damaged Plaintiff's goodwill, and upon information and belief, have and will continue to divert sales from Plaintiff, and/or create the impression that Plaintiff is an infringer, when in fact Defendant is the infringer.

82. Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

83. Plaintiff has no adequate remedy at law.

**COUNT III**
**FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION AND FALSE DESIGNATION OF ORIGIN AS TO MARKS, 15 U.S.C. §1125(a)**
**(ALL DEFENDANTS)**

84. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 47 as if fully set forth herein.

85. Defendants' intentional and unlawful use in commerce of the Counterfeit Marks constitute use in commerce of a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description, and false representation that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with OTC, or as to origin, sponsorship or approval of Defendants' goods, services or commercial activities by Plaintiff, or to cause reverse confusion thereof.

86. Defendants' aforesaid acts and use of the Counterfeit Marks constitute unfair competition and false designation and/or false description of origin in violation of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

87. Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

88. Plaintiff has no adequate remedy at law.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## (ALL DEFENDANTS)

89. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 47, as if fully set forth herein.

90. Defendants' aforesaid acts constitute trademark infringement, unfair competition, misappropriation, and misuse of OTC's Marks, unfair competition, palming-off, passing-off and/or reverse-passing off, against Plaintiff and unjust enrichment of Defendant, all in violation of Plaintiff's rights at common law and under the law of the State of Florida.

91. Plaintiff owns and enjoys common law trademark rights in the marks

"NEUROBION" and "DOLO-NEUROBION" in Florida in connection with vitamin and dietary food supplements, which rights are superior to any rights that Defendants may claim in and to said trademarks.

92. The sale by Defendant of the Counterfeit Products bearing the Counterfeit Marks in the State of Florida is likely to cause, and has caused, confusion as to the source of goods in that purchasers thereof will be likely to associate or have associated such products as originating with Plaintiff, all to the detriment of the Plaintiff.

93. Defendants' acts have harmed Plaintiff's reputation, damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff and created the impression that Plaintiff is an infringer when in fact Defendant is the infringer.

94. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

95. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays:

A. That this Court will adjudge that the OTC's Marks and Registrations have been willfully infringed, as a direct and proximate result of the willful counterfeiting and infringing acts of Defendant as set forth in this Complaint, including Defendants' use of the Counterfeit Marks, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. § 1051 *et seq*., Fla. Stat. § 495.161, and the common law of the State of Florida.

B. That Defendants, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be temporarily restrained, as well as preliminarily and permanently enjoined and restrained:

1. From using the OTC's Marks on Counterfeit Products, any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademarks similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods;

2. From using any logo, trade name, or trademark that may be calculated to falsely represent or that has the effect of falsely representing that the unauthorized products of Defendants, or of any third parties, are sponsored by, authorized by, or in any way associated with Plaintiff and/or that the products of Plaintiff are inferior to, copies of, infringing of, or imitations of the products of Defendants, or that Defendants' products are the first or original such products;

3. From counterfeiting or infringing OTC's Trademarks and Registrations;

4. From doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Defendants and Plaintiff, or their respective products;

5. From falsely representing themselves or their affiliates as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which is likely to falsely cause the trade, retailers, and/or members of the purchasing public to believe that Defendants or their affiliates are associated with Plaintiff and/or that Plaintiff is associated with Defendants or infringing upon any mark of the Defendants in the use of OTC's Marks; and

C. That Defendants be ordered to identify to Plaintiff all active and passive

participants in the acts complained of herein and supply to Plaintiff a complete list of the persons and entities from whom Defendants purchased, and to whom Defendants distributed and/or sold any goods, bearing any of the unauthorized use of the OTC's Marks.

D. That Plaintiff recover Defendants' profits and the damages of Plaintiff arising from Defendants' acts of trademark infringement and unfair competition, and that the Court, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117, enter judgment, and that said sums be trebled as authorized pursuant to 15 U.S.C. § 1117(b).

E. That the Court finds that the use of the Counterfeit Marks was willful.

F. That Plaintiff recover statutory damages pursuant to 35 U.S.C. § 1117(c)(2) of not more than $2,000,000 per counterfeit mark, per type of goods sold, offered for sale, or distributed, because the acts complained of herein are willful.

G. That Plaintiff recover such sums as are necessary to place or compensate for corrective advertising.

H. That Plaintiff recover, pursuant to the laws of the State of Florida, and common law, in addition to its actual damages, punitive damages in an amount that the Court deems just and proper.

I. That Plaintiff recover both pre-judgment and post-judgment interest on each and every damage award.

J. That Plaintiff be entitled to injunctive relief as set forth in § 34 of the Lanham Act, and that Plaintiff have and recover the remedies set forth in §§ 35(a) and 36 of the Lanham Act, 15 U.S.C. §§ 1117(a) and 1118.

K. That Plaintiff recover its reasonable attorney fees incurred in this action, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117, and as otherwise authorized.

  L. That Plaintiff recover its costs and disbursements herein, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117, and as otherwise authorized.

  M. That Plaintiff recover such further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

              Respectfully submitted,

Dated: April 17, 2019         /Jessica Neer McDonald/
                John Cyril Malloy, III
                Florida Bar No. 964,220
                jcmalloy@malloylaw.com
                Meredith Frank Mendez
                Florida Bar No. 502,235
                mmendez@malloylaw.com
                Jessica Neer McDonald
                Florida Bar No. 125,559
                jnmcdonald@malloylaw.com
                **MALLOY & MALLOY, P.L.**
                2800 S.W. Third Avenue
                Miami, Florida 33129
                Telephone (305) 858-8000
                Facsimile (305) 858-0008

                *Counsel for Plaintiff*